
FILED
 2009 Mar-05  PM 04:24
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CYNTHIA PETTY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CV 08-B-1505-W |
| | ) |
| **DCH HEALTH SYSTEM, INC.; CHRIS SHELBY, individually and in his capacity as a Tuscaloosa County deputy,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant Chris Shelby's Motion to Dismiss. (Doc. 2.)[1] Plaintiff Cynthia Petty has sued Shelby alleging a number of causes of actions arising from an incident at DCH Regional Medical Center on August 6, 2006. Upon consideration of the record, defendant's Motion and brief,[2] and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 2), is due to be granted.

### I. MOTION TO DISMISS STANDARD

Defendant Shelby moves to dismiss the Complaint against him on a number of grounds including failure to state a claim. When deciding a Motion to Dismiss under Fed.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Although the court ordered plaintiff to file her opposition to defendant's Motion to Dismiss on or before February 13, 2009, (*see* doc. 6), plaintiff, to date, has not done so. The court also set the Motion to Dismiss for a hearing at 2:00 p.m. on March 5, 2009. Plaintiff's counsel did not appear and did not request to be excused from the hearing.

R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> [T]he complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, [550 U.S. 544, ____, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 127 S. Ct. at 1965). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, 127 S. Ct. at 1965. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, 127 S. Ct. at 1965).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999). "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine

if the allegations provide for relief on ***any*** possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

Defendant contends, *inter alia*, that he is entitled to qualified immunity. "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)(citing *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)). Therefore, a complaint alleging a "§ 1983 claim against officials who are able to assert qualified immunity as a defense" is subject to a "heightened pleading requirement." *Danley v. Allen*, 540 F.3d 1298, 1313-14 (11th Cir. 2008); *see Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004). "Under the heightened pleading requirement, the relevant facts must be alleged with some specificity," and the court "will dismiss a complaint under the heightened pleading standard where the allegations are vague and conclusory." *Danley*, 540 F.3d at 1314.

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges that Shelby, together with defendants Jennifer Brack and Lisa Brady Bergman, grabbed plaintiff, pulled down her pants, shackled her and restrained her in order to take her temperature with a rectal thermometer. (Doc. 1, Att. (Complaint) ¶¶ 5, 10, 12, 16, 20-21.) Following this incident, plaintiff was charged with assault. (*Id*. ¶ 27.)[3]

---

[3]Plaintiff's Complaint alleges, "On August 7, 2006, defendants Shelby, Brack and Bergman brought criminal charges of assault against plaintiff." (Doc. 1, Att. (Complaint) ¶ 27.) The court assumes that the defendants are complaining witnesses in the criminal

### III.  DISCUSSION

Plaintiff's Complaint alleges the following causes of action against defendant Shelby:

Count One:  Assault and Battery
Count Three:  False Imprisonment
Count Four:  Invasion of Privacy
Count Five:  Violation of Civil Rights – Eighth Amendment
Count Six:  Malicious Prosecutions

(*Id.*)[4]  Defendant Shelby asks the court to dismiss plaintiff's claims on the grounds that he has immunity from her claims and/or her Complaint fails to state a claim against him.

### A.  OFFICIAL CAPACITY

**1.  Section 1983 Claims**

Plaintiff's Complaint alleges two claims under § 1983 – violation of her First Amendment right to privacy and violation of her Eighth Amendment right to be free from cruel and unusual punishment.  Her Complaint states:

> 15.  Plaintiff avers that [she] had a right under the First Amendment of the United States Constitution to be free from invasion of privacy.
>
> 16.  On August 6, 2006, in Tuscaloosa, Alabama defendants, Shelby, Brack and Bergman violated plaintiff's right of privacy by pulling down

---

action because these defendants cannot prosecute plaintiff for a criminal offense.  *See State ex rel. Mullis v. Mathews*, 66 So. 2d 105, 111 (Ala. 1953)("It is axiomatic that only the state acting in its sovereign capacity is the proper party plaintiff in a criminal prosecution.  The crime or the offense charged is not one against any individual, although usually the individual may be concerned or is the injured party.  It is an offense against the sovereign, the state, and the sovereign alone is the one who prosecutes.").

[4]Count Two alleges medical malpractice against only defendants Brack and Bergman. (Doc. 1, Att. (Complaint) ¶¶ 8-10.)

plaintiff's pants to expose private body parts and acted in concert to force a rectal thermometer into the plaintiff's rectum.

17. Plaintiff avers that this violation of her clearly-established right to privacy was a violation of her civil rights guaranteed her under said First Amendment and violated the Civil Rights Act of 1871, 42 U.S.C. § 1983, with respect to Deputy Sheriff Shelby.

. . .

19. Plaintiff, an African American female, avers that on August 6, 2006, while in the custody of the Tuscaloosa County Sheriff's Department, she had an Eighth Amendment right to be free from cruel and unusual punishment.

20. Plaintiff avers that on August 6, 2006, that defendant, deputy Shelby, while acting in the line and scope of his duties as a Deputy Sheriff with the County of Tuscaloosa, Alabama, and while being an unqualified medical provider, acted in concert with nurses Brack and Bergman, to force a rectal thermometer into plaintiff's rectum against her will.

21. Plaintiff avers that she was injured and humiliated by having a male deputy assist in pulling down her pants, exposing her private body parts and having a rectal thermometer shoved up her rectum.

22. Plaintiff avers that the unwanted medical treatment was painful and humiliating and constituted cruel and unusual punishment.

23. Plaintiff avers that [D]eputy Shelby violated plaintiff's clearly-established right to be free from cruel and unusual punishment, guaranteed her by the Eighth Amendment to the United States Constitution.

(Doc. 1, Att. (Complaint) ¶¶ 15-17, 19-23.)

Defendant Shelby argues that he is immune from suit in his official capacity as a Deputy Sheriff of Tuscaloosa County pursuant to the Eleventh Amendment of the United

States Constitution.[5]  The Eleventh Amendment prevents a federal court from exercising jurisdiction over a lawsuit against a state and its agencies, unless that state either consents to be sued or waives its immunity from such suit. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984).  This immunity applies to state officials, sued in their official capacity. *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In Alabama, a sheriff is considered a state official, and, thus, in federal court, he is immune from claims for money damages against him in his official capacity, unless the immunity is waived. *See id.* (citing *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989)); *see also Taylor v. Adams*, 221 F.3d 1254, 1256 (11th Cir. 2000).  By removing this case, defendant has waived his Eleventh Amendment immunity. *See Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 624 (2002).

Nevertheless, plaintiff's § 1983 claims against Shelby in his official capacity are due to be dismissed.  Plaintiff's Amended Complaint seeks monetary damages and injunctive relief for violation of plaintiff's First Amendment and Eighth Amendment rights.[6]  (Doc. 7

---

[5]The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[6]Defendant contends that plaintiff is a pretrial detainee and not a prisoner.  Plaintiff's Complaint does not mention whether or not she was in custody following a conviction.  However, plaintiff's claim are actionable under either the Eighth Amendment or the due process clause of the Fourteenth Amendment. *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008)("Pretrial detainees, who are not protected by the Eighth Amendment, can bring

at 7.) Plaintiff's § 1983 claim for monetary damages against defendant in his official capacity is barred because "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Id*. at 617 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)).  Moreover, plaintiff's claim against Shelby in his official capacity for prospective injunctive relief is due to be dismissed because plaintiff has not established her standing to pursue injunctive relief. *Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1283 (11th Cir. 2001)("[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that [she] will be affected by the allegedly unlawful conduct in the future.")(citing, *inter alia*, *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.1994)(discussion *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)).

Therefore, defendant's Motion to Dismiss will be granted as to plaintiff's § 1983 claim against defendant in his official capacity.

**2. State-Law Claims**

In Alabama, a county sheriff is immune from liability in his official capacity.

> "Article I, § 14, Const. of Ala.1901, states that 'the State of Alabama shall never be made a defendant in any court of law or equity.' 'The wall of immunity erected by § 14 is nearly impregnable.'" *Ex parte [Bryan] Davis*, 930 So. 2d [497,] 500 [(Ala. 2005)](quoting *Patterson*, 835 So.2d at 142). This Court has concluded that § 14, Ala. Const.1901, prohibits suits against a sheriff in his official capacity for conduct that occurred in the line and scope of the sheriff's employment. *See Parker v. Amerson*, 519 So. 2d 442, 442-43

---

the same claims under the Fourteenth Amendment.")(citation omitted).

> (Ala. 1987)("A sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office . . . ."); *Employees of the Montgomery County Sheriff's Dep't v. Marshall*, 893 So. 2d 326, 331 (Ala. 2004)("State immunity immunizes the sheriff in his official capacity from liability for money damages.").

*Ex parte Hale*, No. 1070252, 2008 W L 2153526, 3  (Ala. May 23, 2008).  "Deputy sheriffs are immune to the same extent sheriffs are immune because the deputy sheriff is the alter ego of the sheriff."  *Ex parte Haralson*, 853 So. 2d 928, 932 (Ala. 2003)(quoting *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991)(quoting *Mosely v. Kennedy*, 17 So. 2d 536, 537 (1944)))(internal quotations omitted).

Therefore, Shelby is immune from plaintiff's state-law claims asserted against him in his official capacity.

**B.  INDIVIDUAL CAPACITY**

    **1.  Federal Claims – Qualified Immunity**

Defendant Shelby contends that he is entitled to qualified immunity as to plaintiff's First Amendment and Eighth Amendment claims.

> When government officials act in a way that knowingly violates a clearly established statutory or constitutional right of which a reasonable person would have known, they are not immune from suit and may be held liable for the damage their actions caused. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).  But when these same officials make decisions that do not knowingly violate such rights, they are not required to defend themselves in a lawsuit seeking damages. *Id*.  They are "immune" from suit. *Id*.  We call this defense "qualified immunity" because the official is immune from a damage lawsuit, qualified upon his ability to show that he did not knowingly violate the plaintiff's clearly established constitutional right. *Id*.

*Ray v. Foltz*, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Carr v. Tatangelo*, 338 F.3d 1259, 1266 (11th Cir. 2003)(quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)), *receded from Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).)(internal citations and quotations omitted.).

The Eleventh Circuit uses a two-step analysis to determine whether a public official has qualified immunity: (1) the public official must establish that he was acting within the scope of his discretion; and (2), if the public official establishes that he was acting within his discretion, the plaintiff must show that the public official violated clearly established statutory or constitutional law. *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Sims v. Metropolitan Dade County*, 972 F.2d 1230, 1236 (11th Cir. 1992). Plaintiff has alleged that Shelby acted within the scope of his employment as a deputy sheriff. (Doc. 1, Att (Complaint) ¶ 4.) Therefore, the court must determine whether defendant's conduct violated clearly established constitutional law.

Whether defendant's actions violated clearly established constitutional law also "consists of a two-part inquiry, set forth in *Saucier v. Katz*, 533 U.S. 194, 201 (2001)." *Harris v. Coweta County*, 433 F.3d 807, 812 (11th Cir. 2005).[7]

---

[7]The Supreme Court recently held that the *Saucier* order was not mandatory:

> On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of

9

> First we ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" [*Saucier*, 533 U.S. at 201] If, assuming the plaintiff's allegations were true, no such right would have been violated, the analysis is complete. However, if a constitutional violation can be made out on the plaintiff's facts, we then must determine "whether, at the time of the incident, every objectively reasonable police officer would have realized the acts violated already clearly established federal law." *Garrett v. Athens-Clarke County*, 378 F.3d 1274, 1278-79 (11th Cir. 2004)(citing *Saucier*, 533 U.S. at 201-02).

*Id.*

Plaintiff alleges that defendant Shelby violated her First Amendment right to privacy and her Eighth Amendment right not to suffer cruel and unusual punishment. (Doc. 1, Att. (Complaint) ¶¶ 17, 23.) "To overcome the defense of qualified immunity, a plaintiff must show a constitutional or statutory violation and also that the right violated was clearly established at the time." *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008)(citing *Saucier*, 533 U.S. at 201 (2001); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

With regard to § 1983 claims against an individual, the Eleventh Circuit "has established a heightened pleading standard." *Amnesty International, USA v. Battle*, No. 07-12442 at 11-12, 2009 WL 425030 (11th Cir. Feb 23, 2009)(citing *Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992)). "In pleading a section 1983 action, some factual detail

---

> appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." *Oladeinde*, 963 F.2d at 1485, *quoted in Amnesty International*, No. 07-12442 at 12. "A complaint alleging civil rights violations will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Amnesty International*, No. 07-12442 at 12 (quoting *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984))(internal quotations omitted).

### a. First Amendment – Right to Privacy

In her Complaint, plaintiff alleges that "Shelby . . . violated plaintiff's right to privacy by pulling down [her] pants to expose private body parts and acted in concert [with defendants Brady and Bergman] to force a rectal thermometer into plaintiff's rectum." (Doc. 1, Att. (Complaint) ¶ 16.) She contends that her right to privacy under the First Amendment was clearly established. (*Id.* ¶ 17.)

The court notes that this Circuit has recognized "a prisoner's constitutional right to bodily privacy because most people have 'a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993)(quoting *Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981); and citing *Covino v. Patrissi*, 967 F.2d 73, 78 (2d Cir. 1992); *Sepulveda v. Ramirez*, 967 F.2d 1413, 1415 (9th Cir. 1992); *Mitchenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988)). However, this right, arising under the Fourth Amendment, is limited and is to be evaluated on a case-by-case

11

basis. *Id*.; *see also Padgett v. Donald*, 401 F.3d 1273, 1279-80 n.6 (11th Cir. 2005)("We continue to hold that prisoners, unlike free persons, retain only those rights that are consistent with their incarceration."). Plaintiff's right as a prisoner or detainee necessarily "are diminished by the needs and exigencies of the institution in which he is incarcerated. [She] thus loses those rights that are necessarily sacrificed to legitimate penological needs." *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994).

Plaintiff's Complaint is inadequate to allow the court to determine if Shelby's actions at DCH Hospital violated plaintiff's right to privacy and, if so, whether plaintiff's right was clearly established. *See Webb v. White*, No. 8:07CV1396T27MSS, 2008 WL 4889116, *3-*4 (M.D. Fla. Nov 12, 2008)(distinguishing cases involving "[female officers allegedly solicit[ing] male prisoners to expose their genitals and masturbate in front of them," in which the Eleventh Circuit had found a violation of the prisoners' right to privacy, and "the instant case [in which] Plaintiff allege[d] a solitary instance where [a female officer had] observed [another officer] strip search Plaintiff while she was stationed 25 feet away, in which the district court found no violation of a clearly-established right to privacy). Moreover, she has given the court no case law "deeming [Shelby's] conduct unconstitutional" under the circumstances. *See id*. at *3-*4 (distinguishing *Boxer X v. Harris*, 437 F.3d 1107 (11th Cir. 2006); *Fortner*, 983 F.2d at 1030); *see also Hill v. McKinley*, 311 F.3d 899, 904-05 (8th Cir. 2002)("[W]e cannot say as a matter of law that it was clearly established in 1996 that a highly

intoxicated, loud and violent prisoner could not constitutionally be restrained naked outside the view of all but a small number of guards.").

Therefore, the court finds that defendant Shelby is entitle to qualified immunity as to plaintiff's privacy claim.

### b. Eighth Amendment

"There are a number of different types of claims that arise under the Eighth Amendment's cruel and unusual punishment clause, including distinct claims for basic cruel and unusual punishment, for excessive force against prisoners, and for deliberate indifference to prisoners' serious medical needs." *Danley*, 540 F.3d at 1306. "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." *Id*. (citing *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir.2005)). Whether plaintiff was a pretrial detainee or a prisoner is not clear from the Complaint. Nevertheless, the Complaint states that, while a patient at DCH Hospital and in the custody of the Tuscaloosa County Sheriff, defendant Shelby subjected plaintiff to unwanted medical treatment by assisting two nurses to use a rectal thermometer.

In this Circuit, claims under the Eighth Amendment have an objective component and a subjective component:

> [W]e conclude that there is an objective component of the inquiry, which requires that the injury be "objectively, sufficiently serious," and a subjective component, which requires the prison official have a "sufficiently culpable state of mind." However, under our circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be "objectively, sufficiently serious" only if there is more than *de minimis* injury.

13

*Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006)(quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); and citing *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)).

Plaintiff has not alleged an "objectively, sufficiently serious injury. *See Boxer X*, 437 F.3d at 1111; *see also Caffey v. Limestone County*, 243 Fed. Appx. 505, 509, 2007 WL 1954110, *4 (11th Cir. 2007)("[E]ven if we construe the evidence in the record to support an inference that unattended male inmates and visitors did briefly observe [plaintiff] while she exposed her genitals, there is no evidence that [plaintiff] suffered more than *de minimis* injuries."). Also, plaintiff makes no allegation that defendant Shelby acted with deliberate indifference or maliciously and sadistically. *See County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998); *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Therefore, the court finds that plaintiff has not alleged a violation of the Eighth Amendment or the Fourteenth Amendment if plaintiff is a pretrial detainee.

Nevertheless, even if the court assumed a constitutional violation, plaintiff has not shown that the law was clearly established that Shelby could not restrain plaintiff for purposes of medical treatment. Indeed, the general rule appears to be that law enforcement officials may briefly restrain a detainee at the direction of qualified medical personnel. *Sullivan v. Porneman*, 384 F.3d 372, 375-77 (7th Cir. 2004).

Plaintiff has not alleged sufficient facts to demonstrate a constitutional violation. Also, she has not offered any caselaw that shows the law was otherwise and clearly established at

14

the time of the incident at issue. Therefore the court finds that Shelby is entitled to qualified immunity and to plaintiff's Eighth/Fourteenth Amendment claim.

### 2. State-law claims

The Alabama Supreme Court "has consistently held that a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Bryan Davis,* 930 So. 2d 497, 500-01 (Ala. 2005)(citing *Boshell v. Walker County Sheriff*, 598 So. 2d 843, 844 (Ala. 1992)). Guarding a prisoner of the county jail is within the line and scope of a deputy sheriff's employment. *Ex parte Cynthia Davis*, No. 1060734, 2008 WL 4967407, *3 (Ala. Nov. 21, 2008). Therefore, defendant Shelby is immune in his individual capacity from plaintiff's state-law claims for monetary damages.

Although plaintiff claims she is entitled to injunctive relief, her Complaint does not allege that she likely "will suffer immediate harm if the requested relief is not granted." *Ex parte Alabama Dept. of Mental Health and Retardation*, 837 So. 2d 808, 811 (Ala. 2002). Therefore, plaintiff's state-law claims against Shelby are due to be dismissed.

### **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendant Shelby is entitled to judgment as a matter of law. An Order granting defendant's Motion to Dismiss and

dismissing all claims against defendant Shelby will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 5th day of March, 2009.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE